12 CV 6624

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

MILTON GOTAY                                    )        No. Civ._____
                                                )
                    Plaintiff,                  )        COMPLAINT
v.                                              )        AND JURY DEMAND
DISCOVER FINANCIAL SERVICES, L.L.C.             )
WELTMAN, WEINBERG & REIS CO., L.P.A.            )
COHEN & SLAMOWITZ L.L.P.                        )
TRANSUNION, L.L.C.                              )
EQUIFAX INFORMATION SERVICES, L.L.C.            )
                    Defendants.                 )

-------------------------------------------------------------x

RECEIVED
AUG 29 2012
U.S.D.C. S.D.N.Y.

  Plaintiff, Milton Gotay brings suit against Defendants for violations of the Fair Debt

Collections Practices Act, 15 U.S.C. § 1692 *et seq*., the Fair Credit Reporting Act, 15 U.S.C.

1691 *et seq*., and for defamation, and in support would show as follows.

JURISDICTION AND VENUE

  1.  This court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681(p),

and 28 U.S.C. § 1337.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

  2.  The Court has federal question jurisdiction over the lawsuit because the action

arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., and the Fair Credit

Reporting Act, 15 U.S.C. 1691 *et seq*. Jurisdiction of the Court arises under 28 U.S.C. § 1331 in

that this dispute involves predominant issues of federal law.   Declaratory relief is available

pursuant to 28 U.S.C. §§ 2201 and 2202.  The Court has supplemental jurisdiction under 28

U.S.C. §1367 over Plaintiff's claims state law claims Plaintiff because said claims are so related

to the claims within the Court's original jurisdiction that they form part of the same case or

controversy under Article 3 of the United States Constitution.

  3.  Venue in this District is proper because all or a substantial part of the events or

omissions giving rise to the claims occurred in Bronx County, New York.

1

4.     Plaintiff is an individual who resides in Bronx County, New York.

5.     Defendant Discover Financial Services, LLC is a limited liability company existing under the laws of the State of Delaware, according to the records of the Delaware Secretary of State. Discover Financial Services, LLC engages in business in New York but does not maintain an agent for service of process in New York. This suit arose out of Discover Financial Services LLC's business in New York. Discover Financial Services, LLC may be served through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231. The summons and complaint may then be forwarded to registered agent listed with the Delaware Secretary of State, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

6.     Defendant Weltman, Weinberg & Reis Co., LPA is a foreign corporation organized under the laws of the State of Ohio with a principal place of business at 323 W Lakeside Avenue, Suite 200, Cleveland, Ohio 44113.  Said Defendant engages in business in New York, and this suit arose out of said Defendant's business in New York.  It may be served through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, New York, 12231.

7.     Defendant Transunion, L.L.C. is a limited liability company existing under the laws of the State of Delaware, according to the records of the Delaware Secretary of State. Transunion, L.L.C. engages in business in New York but does not maintain a registered agent in New York. This suit arose out of Transunion, L.L.C.'s business in New York. Transunion, L.L.C. may be served through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231. The summons and complaint may then be forwarded to

2

registered agent listed with the Delaware Secretary of State, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

8.      Defendant Equifax Information Services, LLC. is a foreign limited liability company organized under the laws of the State of Georgia. Said Defendant engages in business in New York, and this suit arose out of said Defendant's business in New York.  It is registered with the New York Secretary of State. It may be served through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, New York, 12231.

9.      Defendant Cohen & Slamowitz LLP (C&S") is a limited liability partnership organized under the laws of the State of New York, with its principle office at 199 Crossways Park Dr., PO Box 9004, Woodbury, New York 11797. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231. The Secretary of State may then forward a copy of the summons and complaint to the address listed with its office, 199 Crossways Park Dr., PO Box 9004, Woodbury, New York 11797.

### FACTUAL ALLEGATIONS

10.      On or around August 9, 2010, Discover Bank, by their attorneys, Cohen & Slamowitz, LLP ("C&S"), filed an action in Bronx County Civil Court seeking to collect a debt against Milton Gotay.  That case was captioned *Discover Bank v. Milton Gotay*, index number CV-072066-10/BX ("the collection lawsuit").

11.      At the October 18, 2010 court hearing, Discover Bank, through its attorney Cohen & Slamowitz, had no proof Mr. Gotay owed the money alleged. The court adjourned the hearing.

12.      At the February 14, 2011 court hearing, Discover Bank, through its attorney Cohen & Slamowitz, still had no proof Mr. Gotay owed the money alleged. The court ordered

Discover Bank and its attorneys Cohen & Slamowitz to provide, within 60 days, documents demonstrating Mr. Gotay owes putative debt as alleged.

13.     The February 14, 2011 discovery order also set a trial on the merits for May 23, 2011.

14.     Discover Bank and its attorneys Cohen & Slamowitz willfully refused to comply with the February 14, 2011 discovery order.

15.     On May 23, 2011, Bronx County Civil Court Judge Ben R. Barbato called the case for trial. Discover Bank and its attorneys Cohen and Slamowitz still had no evidence Mr. Gotay owed the debt. Judge Barbato dismissed the case with prejudice, and noted on the court file the case was "dismissed with prejudice."

16.     A dismissal with prejudice is an adjudication on the merits that the debt is in fact not owed.

17.     Unfortunately, the dismissal with prejudice did not end the attempts to collect the debt.

18.     On September 10, 2011, Defendant Weltman, Weinberg & Reis Co., LPA ("Weltman") pulled Mr. Gotay's credit report.

19.     Weltman's impermissible pull of Mr. Gotay's credit reports invaded his privacy, illegally disclosing his most private personal financial information.

20.     Weltman's credit report pull disclosed Mr. Gotay's social security number, his date of birth, and the names and account numbers of his purported current and former creditors for at least the prior seven years.

4

21.     It is embarrassing to disclose to strangers with no permissible purpose each and every account one has or is alleged to have over the last seven years, including every alleged missed payment or delinquency.

22.     Weltman's impermissible pull also, on information and belief, harmed Mr. Gotay's credit reputation.

23.     Beginning on or about September 14, 2011, Weltman made a series of collection calls Mr. Gotay, hounding him for a debt the court ruled he did not owe.

24.     When Mr. Gotay informed Weltman that the case had been dismissed with prejudice, Weltman responded that Mr. Gotay was still responsible to pay the debt.

25.     Weltman spoke with one or more of Mr. Gotay's co-workers.

26.     Weltman called Mr. Gotay when he was in front of a client, which caused embarrassment, anger, and frustration.

27.     Weltman left one or more voicemail messages for Mr. Gotay.

28.     The voicemail message(s) left by Weltman did not disclose the identity of Weltman, or that the call was an attempt to collect a debt.

29.     It is the pattern and practice of Weltman to leave voicemail messages for consumers without disclosing the identity of Weltman, or that the purpose of the call was an attempt to collect a debt.

30.     Weltman intentionally does not disclose its name or that the call is an attempt to collect a debt for the specific purpose of duping consumers into returning a call to a debt collector when a consumer may not make such a call had Weltman identified itself and the purpose of the call.

5

31.     On or about October 7, 2011 Mr. Gotay sent a dispute letter ("the dispute letter")

to the three major credit reporting agencies, TransUnion, Experian, and Equifax, and to Discover

Financial Services, L.L.C ("Discover").

32.     In the dispute letter, Mr. Gotay disputed owing the putative Discover account

upon which he was sued given that he had won in court, and asked the credit reporting agencies

and Discover to investigate and remove the account from his credit report.

33.     The dispute letter stated (emphasis in original):

Dear Credit Reporting Agency and Discover Bank:

A court recently issued a decision dismissing a credit card collections lawsuit
against me with prejudice. ***This means the court decided I do not owe the money.***
Therefore, please investigate and delete the account if it is listed on my credit report. The
account information and lawsuit information is:

Name of creditor/ debt collector: Discover Bank
Account number claimed by creditor/ debt collector: 601120892969****
Amount claimed to be due by creditor/ debt collector: $4,968
Name of lawsuit dismissed *with prejudice*: Discover Bank v. Milton Gotay
Civil Court of County of Bronx
Docket Number: CV -072066-1 0/BX
Date case dismissed with prejudice: 05/23/2011

Enclosed please find:
1. The relevant sections of my credit reports.
2. The docket entry from the court file noting the case was dismissed with
prejudice
3. The court website also indicating that the case was dismissed.
4. My driver's license.

Please investigate. If the account is listed on my credit report, please remove it. Please send
me a written confirmation that that item has been removed and a free copy of my credit
report. Thank you.
**Message to Discover Bank**: You pulled my credit report after the court ruled that I do not
owe the money. Please seize [sic] all further credit pulls.[1]

---

[1] It is likely the word "cease" was meant rather than "seize."

Last saved 8/29/2012 3:16:00 PM

34.     The dispute letter in fact enclosed the documents referenced in the letter, i.e. the sections of the credit report with the disputed account circled, the copy of the court file with the judge's signature that the case was dismissed with prejudice, a printout of the court's website showing the dismissal of the case, and a copy of his driver's license for identification.

35.     On information and belief, the credit reporting agencies each contacted Discover to investigate whether in fact the account was still owed.

36.     The credit reporting agencies were required to forward Discover "all relevant documents" regarding the dispute, e.g. the court file with the judge's signature that the case was dismissed with prejudice.

37.     Incredibly, TransUnion and Equifax verified that the account was in fact due and owing, notwithstanding the fact they had the court file with the judge's signature that the collection lawsuit was dismissed with prejudice.

38.     TransUnion verified the debt on or about October 20, 2011.

39.     Equifax verified the debt on or about October 31, 2011.

40.     Tellingly, in the face of the *same evidence*, Experian deleted the debt, while TransUnion and Equifax verified the debt. This demonstrates how deficient the re-investigation process for TransUnion and Equifax is in relation to the Experian re-investigation process.

41.     On information and belief, TransUnion and Equifax never forwarded any of the documents Mr. Gotay provided, nor identified the specific evidence Mr. Gotay presented (e.g. a copy of the signed court file).  Based on the failure of TransUnion and Equifax to forward all relevant information to it, Discover verified the debt.

42.     In the alternative, TransUnion and Equifax in fact forwarded Discover all relevant information, including the documents of Mr. Gotay sent and/or an identification of those

documents (e.g. that he provided a signed copy of the court file indicating that the case had been with prejudice). Despite having been provided this information, Discover verified the debt in conscious disregard of Mr. Gotay's rights. Even if TransUnion and Equifax did not forward the actual documents to Discover, Discover had possession of those same documents as Mr. Gotay contemporaneously mailed those documents to Discover.

43.   Thereafter, Discover continued to report to TransUnion and Equifax that Mr. Gotay in fact owed the debt the court ruled he did not owe.

44.   In turn, TransUnion and Equifax continued to report on Mr. Gotay's credit reports that the Discover debt was still owed.

45.   In September, 2011 and again in November, 2011 Discover pulled Mr. Gotay's TransUnion credit report.

46.   Discover has no permissible purpose in pulling Mr. Gotay's TransUnion credit report given that the court ruled Mr. Gotay did not owe the putative debt.

47.   Discover's November 2011 pull of Mr. Gotay's TransUnion credit report was particularly galling given that Mr. Gotay's October 7, 2011 letter to Discover specifically noted that Discover has pulled his credit report after the dismissal of the collection lawsuit with prejudice, and demanded that Discover cease future credit pulls. Despite receiving that demand (along with a copy of the signed court record showing the debt was dismissed with prejudice), Discover still continued to pull Mr. Gotay's credit reports in a shockingly conscious disregard of Mr. Gotay's privacy rights under the FCRA.

48.   On information and belief, Discover certified to TransUnion that it would only pull a consumer's credit report if Discover in fact had a permissible purpose, such as in connection with the collection of an alleged delinquent account.

8

49.     On information and belief, C&S informed Discover bank at the conclusion of the collection lawsuit that the case was dismissed with prejudice, explained that this meant Mr. Gotay did not owe the money, and reported to Discover a zero balance when it returned the account to Discover.[2]

50.     Assuming C&S in fact informed Discover of the above, Discover's pull of Mr. Gotay's credit report was especially willfully and wantonly disregarding Mr. Gotay's privacy rights under the FCRA.

51.     In the alternative, also on information and belief, C&S *failed* to inform Discover bank at the conclusion of the collection lawsuit that the case was dismissed with prejudice, *failed* to explain that this meant Mr. Gotay did not owe the money, and/or reported to Discover a balance other than zero when it returned the account to Discover.[3]

52.     In this case, when C&S returned the account to Discover it knew, or should reasonably have known, that Discover would likely continue to attempt to collect the debt itself, or to sell the account to a debt buyer for further collection.

53.     Defendants' actions have caused damages to Mr. Gotay.

54.     Weltman's and Discover's impermissible pull of Mr. Gotay's credit reports invaded his privacy, illegally disclosing his most private personal financial information. The pulls disclosed Mr. Gotay's social security number, his date of birth, and the names and account numbers of his purported current and former creditors for at least the prior seven years. It is embarrassing to disclose to strangers with no permissible purpose each and every account one

---

[2] If this was the case, it is something Mr. Gotay did not know and could not have reasonably known until Weltman called him on or about September 14, 2011 seeking to collect on the same debt.

[3] This is one plausible inference given that the account continued to be reported on the credit report, was verified on the credit report, and continued to be forwarded to other debt collectors.

Last saved 8/29/2012 3:16:00 PM

has or is alleged to have over the last seven years, including every alleged missed payment or delinquency. These impermissible pulls also, on information and belief, harmed Mr. Gotay's credit reputation. Weltman's very listing on the credit report is derogatory because current or prospective creditors would see that a debt collector is seeking to collect a putative past due account, when in fact the account was not owed. Mr. Gotay subsequently applied for and was denied credit, and was discouraged from applying for credit.

55.     Discover's continued false reporting of the non-existing debt defamed Mr. Gotay's credit reputation, and the failure to do a reasonable re-investigation by Experian and TransUnion continued that defamation by verifying the debt. Indeed, the verification further defamed Mr. Gotay's reputation because it was a representation that a reasonable re-investigation had been performed and that Mr. Gotay really did owe the money. Mr. Gotay subsequently applied for and was denied credit, and was discouraged from applying for credit.

56.     Mr. Gotay incurred expenses and loss of time in fighting to clean up the defamatory statements published by Weltman. Discover. Experian, and TransUnion.

57.     Weltman's hounding phone calls – especially at work – caused anger, frustration, exasperation. Weltman spoke with co-worker(s) of Mr. Weltman. Weltman called Mr. Gotay and demanded payment when Mr. Gotay was meeting with a client. These work calls caused especially caused anger, as well as embarrassment in front of a client and with his co-worker(s). For weeks, every time the phone rang at work Mr. Gotay was afraid that it would be Weltman calling again and that they would speak to a co-worker, which would be embarrassing to Mr. Gotay.

58.     But for the actions and inactions of C&S, Mr. Gotay would likely not have suffered the subsequent harms inflicted by the other Defendants if in fact C&S *failed* to inform

Discover bank at the conclusion of the collection lawsuit that the case was dismissed with prejudice, *failed* to explain that this meant Mr. Gotay did not owe the money, and/or reported to Discover a balance other than zero when it returned the account to Discover.[4] By taking this these actions or inactions, it was foreseeable to C&S that Mr. Gotay may be subject to further debt collection activity (including credit pulls and credit reporting).

59.     The actions of all Defendants caused anger, frustration, intimidation, distress, anxiety, inability to sleep, mental anguish and humiliation and embarrassment. Mr. Gotay had thought – and reasonably expected – that this debt collection issue was resolved when he won on court, but the continued debt collection attempts, impermissible credit pulls, and false credit reporting and verification made him understandably angry and frustrated that this "zombie debt" would not go away.  Mr. Gotay was scared that he would be sued again for the same debt and hauled back into court even though he had won in court before.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Debt Collection Practices Act**
**(Plaintiff v. Defendants Weltman and C&S)**

60.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

61.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v.

---

[4] This is one plausible inference given that the account continued to be reported on the credit report, was verified on the credit report, and continued to be forwarded to other debt collectors.  One plausible reason C&S may have to withhold the full facts from Discover is that it did not want to disclose to Discover it lost the case and that Discover could no longer seek to collect the debt.  It is plausible to believe C&S would do this in hopes of not losing Discover as a client.

Last saved 8/29/2012 3:16:00 PM

United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir.2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope").

62.     Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. N.Y. 2008) ("In this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.")

63.     The credit card debt Defendants alleged Plaintiff owed is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred primarily for family, personal or household purposes. The only credit cards Plaintiff ever had were used primarily for family, personal or household purposes.

64.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Plaintiff was alleged to owe a "debt."

65.     Weltman is a "debt collector" as defined in 15 U.S.C. § 1692a(6) as its principal purpose is the collection of debts and, and they regularly attempt to collect debts, directly or indirectly.

66.     Weltman is a law firm engaged in the business of regularly collecting debts on behalf of putative creditors or debt buyers by making thousands of collection phone calls and by

Last saved 8/29/2012 3:16:00 PM

sending out thousands of collection letters. Weltman regularly collects consumer debts alleged to be due to another, and that is its primary purpose. Weltman's website (http://www.weltman.com/practices/consumer-collections/ ), which is incorporated by reference, contends that Weltman engages in extensive consumer debt collection through its offices in many states throughout the country. ("Our strength lies in a tenacity to stay with each file and manage all the aspects of the collection process on your behalf.")   Incidentally, New York State is not listed as a state where Weltman has an office.

67.      Cohen & Slamowitz LLP is a law firm engaged in the business of regularly collecting debts on behalf of putative creditors or debt buyers by filing hundreds of thousands of collection lawsuits, making hundreds of thousands of collection phone calls, and by sending out hundreds of thousands of collection letters. Cohen & Slamowitz LLP regularly collects consumer debts alleged to be due to another, and that is its primary purpose.

68.      Defendant C&S materially violated the following sections of the FDCPA: 15 USC 1692d, 1692e, and 1692f.  Defendant C&S violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; threatening to take and actually taking an action prohibited by law, or which is not intended to be taken; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; using false, deceptive or misleading representations or means; and using unfair or unconscionable means; collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the

13

principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

69.     Defendant Weltman materially violated the following sections of the FDCPA: 15 USC 1692d, 1692e, and 1692f.  Defendant violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; threatening to take and actually taking an action prohibited by law, or which is not intended to be taken; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; the failure to make any of the specific warnings required by 15 USC 1692e(11) (e.g. failing to disclose that the communication was an attempt to collect a debt and all information will be used for that purpose); using false, deceptive or misleading representations or means; and using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

**SECOND CLAIM FOR RELIEF**
**Violations of the Fair Credit Reporting Act**
**(Plaintiff v. Weltman and Discover)**
**(impermissible pull)**

70.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

71.    The commonly used term "credit reporting agencies" is used interchangeably in this complaint with the technical definition of that same term used by the FCRA, "consumer reporting agencies."

72.    Plaintiff is a "consumer," as defined by the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681a(c) because she is an individual.

73.    Weltman and Discover are each a "person" as defined by the FCRA, USC § 1681a(b).

74.    Weltman and Discover obtained information regarding plaintiff from a "consumer reporting agency," as defined by the FCRA, 15 USC § 1681a(f). A "consumer reporting agency" is commonly known as a "credit reporting agency" and includes, without limitation, such companies as Experian, Equifax, and TransUnion.

75.    Weltman and Discover obtained documents (whether in written or electronic form) from one or more credit reporting agencies regarding plaintiff, and said documents are "consumer report[s]," as defined by the FCRA, 15 USC § 1681a(d). A "consumer report" is commonly known as a "credit report."

76.    Weltman and Discover requested, obtained, used and/or disseminated the consumer reports of plaintiff, or information contained therein, without any of the permissible purposes or uses enumerated in the FCRA, 15 USC § 1681b(a).

77.    Weltman and Discover had no permissible purpose to pull Mr. Gotay's credit reports because the court ruled Mr. Gotay does not owe the putative debt alleged by Discover.

78.    Weltman's and Discover's actions were intentional and willful. Pursuant to 15 USC § 1681n and 1691q, any natural person who willfully fails to comply with any of its requirements under the FCRA, including the limitations on accessing a consumer report, or who

knowingly and willfully obtains a consumer report without a permissible purpose and under false pretenses, is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or $1,000.00, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 USC § 1681n, the costs of the action together with reasonable attorneys' fees. As a result of their request and receipt of a consumer report under false pretenses or knowingly without a permissible purpose, Weltman and Discovery are liable to the plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or $1,000.00, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees. As a result of Weltman's and Discover's knowing and willful request and receipt of information regarding plaintiff from a consumer reporting agency under false pretenses, Weltman is liable to plaintiff in an amount equal to the sum of (i) any actual damages sustained by plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorney's fees.

79.    In the alternative, Weltman's and Discover's actions were negligent. Pursuant to 15 USC § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 USC § 1681o, the costs of the action together with reasonable attorneys' fees. As a result of Weltman's and Discover's negligent failure to comply with the FCRA, Weltman is liable to the Plaintiff in an

16

amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of said failure and (ii) the costs of this action together with reasonable attorney's fees and costs.

80.     Actual damages are not a prerequisite for punitive damages under the FCRA.

**THIRD CLAIM FOR RELIEF**
**Violations of Fair Credit Reporting Act**
**(Plaintiff v. Equifax and TransUnion)**
**(reinvestigation and verification)**

81.     Plaintiff restates, re-alleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

82.     Equifax and TransUnion prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff, as defined under 15 U.S.C. § 168Ia(d).

83.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

84.     Specifically, Equifax and TransUnion reported that Mr. Gotay owed a debt which he did not given the dismissal with prejudice of the Discover debt collection lawsuit.

85.     Section 1681e(b) of the FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." And, when a consumer disputes the accuracy of any information on a credit report, FCRA § 1681i(a)(l) requires a CRA to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file..." Furthermore, FCRA § 1681i(a)(4) requires a CRA to review and consider all relevant information submitted by the consumer when conducting its investigation.

Last saved 8/29/2012 3:16:00 PM

86.     By continuing to report and indeed verifying the Discover debt after they had in their possession to court records dismissing Discover's collection lawsuit with prejudice, Equifax and TransUnion violated 15 U.S.C. §1681e(b) because they negligently failed to maintain and/or follow reasonable procedures to assure maximum accuracy in Plaintiff's credit report.

87.     By continuing to report and indeed verifying the Discover debt after they had in their possession to court records dismissing Discover's collection lawsuit with prejudice, Equifax and TransUnion violated 15 U.S.C. § 1681e(b) because they willfully failed to maintain and/or follow reasonable procedures to assure maximum accuracy in Plaintiff's credit report.

88.     By continuing to report and indeed verifying the Discover debt after they had in their possession to court records dismissing Discover's collection lawsuit with prejudice, Equifax and TransUnion violated 15 U.S.C. § 1681i because they negligently failed to conduct a reasonable reinvestigation to determine the accuracy of disputed information.

89.     By continuing to report and indeed verifying the Discover debt after they had in their possession to court records dismissing Discover's collection lawsuit with prejudice, Equifax and TransUnion violated 15 U.S.C. § 168li because they willfully failed to conduct a reasonable reinvestigation to determine the accuracy of disputed information.

90.     By continuing to report and indeed verifying the Discover debt after they had in their possession to court records dismissing Discover's collection lawsuit with prejudice, Equifax and TransUnion violated 15 U.S.C. 1681i(a)(4) because they negligently failed to review and consider relevant information provided by the consumer concerning the dispute.

91.     By continuing to report and indeed verifying the Discover debt after they had in their possession to court records dismissing Discover's collection lawsuit with prejudice, Equifax

and TransUnion violated 15 U.S.C. 1681i(a)(4) because they willfully failed to review and consider relevant information provided by the consumer concerning the dispute.

92.     As a direct and proximate result of such conduct, the Plaintiff suffered actual damages as set forth herein.

93.     Equifax and TransUnion is liable to Plaintiff for the actual damages she has sustained as a direct and proximate result of such conduct, together with punitive damages, as well as his reasonable attorney fees under 15 U.S.C. §§ 1681n and 1681o.

**FOURTH CLAIM FOR RELIEF**
**Violations of Fair Credit Reporting Act**
**(Plaintiff v Discover)**
**(reinvestigation and verification)**

94.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

95.     Discover violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by continuing to publish the Discover representation within Plaintiff's credit file with Equifax and TransUnion; by failing to fully and properly investigate the Plaintiff's dispute of the putative Discover debt; by failing to review all relevant information regarding the same; by failing to accurately respond to Equifax and TransUnion; and by failing to correctly report results of an accurate investigation to Equifax and TransUnion.

96.     As a result of this conduct, action and inaction of Equifax and TransUnion, the Plaintiff suffered damages as stated in the statement of facts.

97.     Discover's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

Last saved 8/29/2012 3:16:00 PM

98.     The Plaintiff is entitled to recover actual or statutory damages, costs and attorney's fees from Discover pursuant to 15 U.S.C. §1681n and/or §1681o.

## FOURTH CLAIM FOR RELIEF
### Willful and malicious defamation of Plaintiff
### (Plaintiff v. TransUnion, Equifax, and Discover)

99.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

100.     Defendants TransUnion, Equifax, and Discover have published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belongs to the Plaintiff.

101.     Defendants TransUnion, Equifax, and Discover have published those statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantor, furnisher, or other source.

102.     The statements made by Defendants TransUnion, Equifax, and Discover are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

103.     Defendants TransUnion, Equifax, and Discover have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

104.     Defendants TransUnion, Equifax, and Discover knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them through writing communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

Last saved 8/29/2012 3:16:00 PM

105.    The written statements and publications constitute libel per se.

106.    The oral statements and publications constitute slander per se.

107.    In addition, and despite repeated notices from Plaintiff, Defendants TransUnion, Equifax, and Discover has acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom they provide credit information concerning the Plaintiff.

108.    Because they knowingly published false, inaccurate, and misleading information, Defendants TransUnion, Equifax, and Discover maliciously defamed Plaintiff.

109.    TransUnion, Equifax, and Discover had actual knowledge of the false, inaccurate, and misleading nature of such information and published it despite that actual knowledge.

110.    TransUnion, Equifax, and Discover's actual knowledge of the falsity and its reckless disregard for the truth demonstrates its malicious and/or willful intent to injure plaintiff.

111.    TransUnion, Equifax, and Discover are liable to plaintiff for the actual damages he has sustained as a direct and proximate result of such conduct.

112.    Plaintiff is entitled to an award of punitive damages from TransUnion, Equifax, and Discover in an amount sufficient to punish them for its malicious and reckless conduct as well as to serve as a deterrent to TransUnion, Equifax, and Discover and to other CRAs in order to prevent the occurrence of such egregious conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants for the following:

1.    The above referenced relief requested;

2.    Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k (FDCPA);

Last saved 8/29/2012 3:16:00 PM

3.      Statutory, punitive and exemplary damages against Weltman, TransUnion, Equifax, and Discover for their violations of the FCRA;

4.      A declaration that Defendants violated the FDCPA and FCRA as alleged;

5.      Actual damages within the jurisdictional limits of the court;

6.      Attorney fees and costs;

7.      Prejudgment and post judgment interest as allowed by law;

8.      General relief;

9.      All other relief, in law and in equity, both special and general, to which plaintiff may be justly entitled

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial in this action.

August 29, 2012
Brooklyn, New York

Respectfully submitted,

Ahmad Keshavarz
THE LAW OFFICE OF AHMAD KESHAVARZ
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

Last saved 8/29/2012 3:16:00 PM