```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/13
```

**MEMO ENDORSED**

# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., SUITE 2600  WWW.NEWYORKCONSUMERATTORNEY.COM  PHONE: (718) 522-7900
BROOKLYN, NY 11241-1026   E-mail: ahmad@NewYorkConsumerAttorney.com  FAX: (877) 496-7809

February 11, 2013

The Honorable Frank Maas
United States Magistrate Judge
Southern District Of New York
500 Pearl Street
New York, NY 10007

*Via fax to (212) 805-6724 and postal mail*

Re: *Request conference with the court and leave to file motion to compel discovery from Defendants Discover Financial Services L.L.C., Weltman, Weinberg & Reis Co., L.P.A., and Cohen & Slamowitz L.L.P.*

Case No.: *1:12-cv-06624-JFK-FM, Gotay v. Discover Financial Services, L.L.C. et al, Southern District of New York*

> I find it perplexing that opposing counsel have not responded to this letter. They are directed to do so by 3/1/13. Thereafter, the Court will hold a conference in Courtroom 20A on March 7 at 5pm. All counsel are required to attend.
>
> /s/ Maas, USMJ, 2/21/13

Dear Magistrate Judge Maas:

The undersigned represents Plaintiff in this suit for violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and for related claims.

Pursuant to Local Civil Rule 37.2, plaintiff respectfully requests a conference with the court and leave to file a motion to compel discovery from Defendants Discover Financial Services L.L.C., Weltman, Weinberg & Reis Co., L.P.A., and Cohen & Slamowitz L.L.P. (collectively, "the Debt Collector Defendants").

On December 20, 2013, Plaintiff served discovery requests on the Debt Collector Defendants. Plaintiff seeks the following relief.

<u>Document production.</u> The Debt Collector Defendants have never served response to the document production requests or produced a single document responsive to the requests. Plaintiff seeks an order that the Debt Collector Defendants have waived their objections[1] and order them to

---

[1] Eldaghar v. City of New York Dept. of Citywide Admin. Services, 02CIV.9151(KMW)(HBP), 2003 WL 22455224 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests…Any other result would.. .. completely frustrate the time limits contained in the

1

produce fully responsive documents within 7 days of the date of this motion. The requests are attached as Exhibit A.

<u>Identification of Discover Bank entities and intermediary debt collectors</u>. Plaintiff has sought to determine which of four related Discover Bank entities[2] disclosed by the properly named defendant, that is, which were involved in the debt collection litigation against Mr. Gotay, which entity forwarded the account to various debt collectors, which entity reported the debt to the credit reporting agencies, and which entity verified the debt in response to Mr. Gotay's dispute with the credit reporting agencies. Plaintiff is also requested whether there are additional intermediary debt collectors not yet identified who were involved in forwarding the putative debt that is the subject of this action. Counsel for the Debt Collector Defendants will not provide a definitive answer to these questions. Plaintiff seeks an order compelling the Debt Collector Defendants to provide this information. This information would be responsive to Initial Disclosures 26(a)(1)(A)(1) (persons with knowledge of relevant facts), as well as interrogatories number 1 (identifying persons with knowledge of relevant facts and brief description of the knowledge) and 8 (identifying role of different Discover entities).[3] The interrogatory requests and answers are attached as Exhibit B. Properly naming and joining all responsible parties is step number one in moving the case forward either on the merits or in settlement.

### Certificate of conference

In compliance with Local Rule 37.2 I conferred good faith via telephone January 31, 2013 with Wendy Shepps, counsel for the Debt Collector Defendants, in an effort to resolve this discovery dispute, but those attempts failed. (I also corresponded with her on a number of occasions prior to that).

---

Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.") (citations and internal quotes omitted).

[2] The four Discover Bank identified Discover Financial Services LLC, Discover Bank, DB Servicing Corporation, DFS Services LLC. There may be others, but.

[3] The following is the request and answer

> 8. What is the relationship and role of Discover Bank and Discover Financial Services LLC regarding Plaintiff, the lawsuit filed against him, the forwarding of the account to different debt collectors, and the reporting and verification of the debt on Plaintiff's credit report? Identify any other Discover entities so involved, and in what way they are involved.
>
> ANSWER: ... There is no relationship between Discover Financial Services LLC and Discover Bank because Discover Financial Services LLC is a non-existing legal entity. Discover Bank is the issuer of the Discover Card. DB Servicing Corporation is the servicing subsidiary of Discover Bank. DFS Services LLC is an affiliate of Discover Bank.

2

During the phone call she indicated that she would produce documents within 3 business days. She has not. I asked about the role of the four different Discover Bank entities in the debt collection and credit reporting of the putative debt. She indicated that I would have to incur the expense of a deposition of Discover in order to even get this basic information.

Sincerely,

/s/
Ahmad Keshavarz
Attorney for Plaintiff

Enclosures (via postal mail only)
    Exhibit A – Plaintiff's document production demands.
    Exhibit B – Interrogatory answers of the Debt Collector Defendants

cc: opposing counsel (via email and postal mail, with enclosures)