**PODVEY PM MEANOR**

**MEMO ENDORSED**

Wendy B. Shepps
Of Counsel

P: 973-623-6163
F: 973-623-9131
wshepps@podvey.com
Member of NY, NJ and FL Bars

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/2013

February 21, 2013

PLEASE REPLY TO NEWARK

VIA FACSIMILE
Hon. Frank Maas
United States District Court
500 Pearl St.
New York, NY 10007-1312

Re:   Gotay v. Cohen & Slamowitz, LLP
        Docket No.         :   CV – 12- 6624
        Our File No.       :   004696.12027

Dear Hon. Maas:

This office represents Defendants Discover Financial Services, LLC, Weltman, Weinberg & Reis Co., LPA and Cohen & Slamowitz, LLP in the above-referenced matter in which plaintiff alleges violations of the Fair Debt Collection Practices Act. On February 11, 2013, plaintiff's counsel submitted a letter to the Court seeking the scheduling of a discovery conference and leave to file a motion to compel discovery.

Defendants respectfully submit that they are in complete compliance with plaintiff's discovery requests. Defendants have fully responded to plaintiff's interrogatories and documentary discovery has been produced with the exception of certain documents being withheld until the parties execute a protective order. A draft agreement has been circulated among counsel and we are awaiting approval and execution of the agreement.

Despite having been provided with complete responses to all discovery demands served, plaintiff's counsel inquired as to what entity(ies) were involved in the handling of the subject debt after dismissal of the underlying collection action.

On February 13, 2013, plaintiff's counsel served a notice to take the deposition of a representative of defendant Discover Financial and non-party Discover Bank on February 22, 2013. The deposition notice is improper. As Discover Bank is not a party to this action, sending a deposition notice to our office is not proper service. Additionally, plaintiff's counsel did not confer with any attorney to this action with regard to conducting a deposition of Discover before service of the deposition notice. Despite counsel's statement in his letter to the Court, I never told counsel that he would "have to incur the expense of a deposition of Discover" in order to

*Handwritten endorsement:* Counsel appear to have very different views of the status of discovery. To resolve those issues and to discuss settlement, the Court will hold a Conference in Courtroom 20A on March 7, 2013, at 5 pm. Mr. Keshavarz is directed to have the conference. Plaintiff allege the conference. /s/ FMaas, USMJ 2/22/13

Page 2

determine the role of the Discover entities in the underlying collection action. Instead, I have made every effort to provide counsel with the information he sought in order to assure that he had named all the parties involved prior to the expiration of his time to amend the pleadings.

On February 14, 2013, an email was sent to plaintiff's counsel identifying the four entities involved in the handling of the subject debt after the collection action was dismissed. In our email, we further explained the responsibilities of the Discover entities identified. Plaintiff's counsel had agreed that if such information was provided, that there would be no need to proceed with the deposition of Discover he had noticed without prior consultation with all counsel and on short notice (the deposition notice was served on February 13 for a deposition to be conducted on February 22).

Despite such agreement, in response to our email, which provided all requested information, plaintiff's counsel responded with a series of new questions, all of which seek information irrelevant to the claims asserted in the instant action, none of which had been discussed previously nor included in plaintiff's discovery demands and several of which questions can only be answered by other parties to this action. Counter to our agreement, plaintiff's counsel refused to withdraw the deposition notice until the additional items set forth in his most recent email were resolved.

I am currently on vacation, and will not be returning to the office until Monday, February 25, 2013. I am in agreement with counsel that a conference should be held on this matter, however, we submit that the conference should not be held for the purpose of addressing irrelevant discovery issues, but instead, a settlement conference in an effort to resolve this matter. This is a cost shifting action, and our clients are interested in resolving this matter before engaging in protracted litigation.

**I can be available for a conference with the Court upon my return from vacation on February 25 or 28.**

We confirmed via email exchanges among counsel that the deposition notice for Discover Financial and Discover Bank was improper and that we consider it to have been withdrawn.

Page 3

Should plaintiff's counsel seek to proceed with the deposition, we respectfully request leave to file a motion seeking a protective order.

Respectfully submitted,

Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C.

*Wendy Shepps*

Wendy B. Shepps

cc: All Counsel
     Via Email and Regular Mail