**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILE[D]
DOC #: _____
DATE FILED: 2/26/2013

# AHMAD KESHAVARZ
## *Attorney at Law*

| | | |
|---|---|---|
| 16 COURT ST., SUITE 2600 | WWW.NEWYORKCONSUMERATTORNEY.COM | PHONE: (718) 522-7900 |
| BROOKLYN, NY 11241-1026 | E-mail: ahmad@NewYorkConsumerAttorney.com | FAX: (877) 496-7809 |

February 25, 2013

The Honorable Frank Maas
United States Magistrate Judge
Southern District Of New York
500 Pearl Street
New York, NY 10007

*Via fax to (212) 805-6724*

Re: **Agreed request to re-set date on Plaintiff's request for a pre-motion conference to compel the Debt Collector Defendants and to enlarge time to move to amend pleadings.**

**Case No.: 1:12-cv-06624-JFK-FM, Gotay v. Discover Financial Services, L.L.C. et al, Southern District of New York**

Dear Magistrate Judge Maas:

> *[Handwritten endorsement:]* I'm pleased everyone was able to agree on a day and time. Unfortunately, nobody consulted my Chambers, which would have indicated that the proposed slot is not feasible. Counsel are directed to place a conference call to my Chambers by 3/4/13 to reschedule. The deadline to amend is adjourned sine die.
>
> /s/ Maas, USMJ
> 2/26/13

The undersigned represents Plaintiff in this suit for violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and for related claims.

*By agreement of all parties*, Plaintiff respectfully requests that the Court adjourn from March 7, 2013 at 5:00 PM to March 20, 2013 at 3:00 PM the pre-motion conference for Plaintiff to file a motion to compel against the Defendants Discover Financial Services L.L.C., Weltman, Weinberg & Reis Co., L.P.A., and Cohen & Slamowitz L.L.P. (collectively the "Debt Collector Defendants.")

*Also by agreement of all parties*, Plaintiff respectfully requests to enlarge the deadline to move to amend pleadings from February 25, 2013 to after the proposed March 20, 2013 hearing on Plaintiff's request for a pre-motion conference to file a motion to compel. The Debt Collector Defendants consent to enlarge the deadline to two days after the hearing on the promotion conference; the other Defendants agree to enlarge the deadline to 10 days after the hearing on plaintiff's letter request to compel Discover, or 3 days from when Discover complies with the order from the hearing, whichever comes first.

As per item 1 d. if Your Honor's individual Practice, Plaintiff states as follows:

> **Original Date for hearing on Plaintiff's pre-motion hearing to compel discovery: March 7, 2013 at 5:00 PM.**

1

Number of previous requests: None.

Whether the adversary consents: Yes.

Effect on other existing deadlines: None.

Reason for the request to enlarge time: Counsel for Plaintiff will be out of town on February 7 (and 8) for the annual Fair Debt Collection Practices Act consumer law conference put on by the National Consumer Law Center.

Date requested (agreed by all parties): March 20, 2013 at 3:00 PM.

**Original Date to move to amend pleadings: February 25, 2013**

Number of previous requests: One

Whether the adversary consents: Yes.

Effect on other existing deadlines: None.

Reason for the request to enlarge time: Plaintiff's view is that Defendants have provided conflicting, contradictory, and incomplete disclosures of the roles of the various Discover Bank entities in the collection, credit reporting, and credit report verification of the putative debt that forms the basis of this action.[1] The view of counsel for Discover Financial Services, LLC Discover is that she has fully complied with Plaintiff's discovery demands and provided all the requisite information Plaintiff might need to amend his complaint, but in an effort to show good faith, she has consented to the enlargement.

Sincerely,

/s/
Ahmad Keshavarz
Attorney for Plaintiff

cc: opposing counsel (via email and postal mail)

---

[1] For example, Discover Financial Services, LLC answered the complaint in this action, and admitted in response to ¶ 5 of the Original Complaint that it is an LLC "existing under the laws of the State of Delaware" and that it "engages in business in New York." However, in response to Plaintiff's interrogatory # 8 regarding the role of the various Discover Bank entities in the collection and credit reporting of Plaintiff's putative account, Discover Financial Services, LLC states "Discover Financial Services LLC is a non-existing legal entity." Counsel for Discover will not elaborate despite repeated requests. The credit reporting agency defendants contend all of the credit reporting information was with Discover Financial Services, LLC. To add to the confusion, in its initial disclosures, counsel for Discovery Financial Services, LLC seems to indicate that her firm is answering on behalf of Discover Bank, which the firm contends is "improperly identified as Discover Financial Services, LLC." Specifically, the initial disclosures state as follows:

> Defendant, Discover Bank (hereinafter "Discover"), issuer of Discover® Card, improperly identified as "Discover Financial Services LLC", by its attorneys, PODVEY, MEANOR, CATENACCI, HILDNER, COCOZIELLO & CHATTMAN, P.C. as and for its initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, states as follows…

2